## MOORE AND OTHERS v. SCHOONER ANNA MARIA.

Where a motion for judgment on a stipulation bond taken in the case, which was incidental to the main suit in which there had been a final judgment, which had been affirmed on appeal, was overruled simply, it was held not to be such a final judgment as would sustain an appeal.

Error from Galveston. This was a case of prize under the Republic. The schooner was condemned; and the judgment was affirmed after Annexation. On return of the *mandate*, the captors obtained a rule against the parties to a stipulation bond upon which the money had been paid out of the registry of the Court, and upon return of the rule served, moved the Court for judgment against them. The motion was overruled, and the captors appealed.

*Attorney General* and *H. N. & M. M. Potter*, for plaintiffs in error.

*Jones & Ballinger*, for defendants in error.

LIPSCOMB, J. The last action taken by the Court below, in this case, as appears from the transcript of the record, is as follows, viz:

"Fall Term, 1848—December 6th, 1848. The motion "heretofore filed for judgment upon the stipulation bond filed "in this cause, after argument of counsel, was submitted to "the Court. The Court took time to consider thereof; after "mature deliberation, it is considered, ordered and adjudged, "that said motion be, and the same is hereby overruled. No-"tice of appeal by counsel for the plaintiffs."

The transcript of the record was afterwards brought into this Court by a writ of error.

This Court cannot take jurisdiction until there has been a

final judgment rendered in the Court below. The order sought to be revised, in this case, has no pretention to be a final judgment. The writ of error must therefore be dismissed.

Writ of error dismissed.